IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CROSETTI BRAND, #M02369, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>MAJOR CLELAND, )<br>MAJOR LAWLESS, )<br>BOBBY JOHNSON, )<br>C/O COIN, )<br>ERIC WANGLER, )<br>JOHN DOE 1, )<br>WARDEN OF PINCKNEYVILLE )<br>CORRECTIONAL CENTER, )<br>)<br>    Defendants. ) | Case No. 22-cv-1463-SMY |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion for default judgment filed by Plaintiff Crosetti Brand (Doc. 54) and a motion to set aside default filed by Defendants Major Cleland and Eric Wangler (Doc. 56). Requests for Waivers of Service of Summons were sent to these defendants on May 16, 2023. (Doc. 30). Wangler returned an executed waiver on May 18, 2023 (Doc. 32), and Cleland returned an executed waiver one week later. (Doc. 33). Answers from both defendants were due July 17, 2023. (Docs. 32, 33).

When Cleland and Wangler failed to move, answer, or otherwise plead in response to the Amended Complaint, the Court directed the Clerk of Court to enter default on August 1, 2023. (Doc. 51). The Clerk entered default on August 2, 2023. (Doc. 53). Plaintiff then filed a motion for default judgment against both defendants on August 4, 2023. (Doc. 54). Cleland and Wangler, through counsel, filed a motion to set aside default the same day. (Doc. 56).

1

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (citations omitted); FED. R. CIV. P. 55(c).  According to the motion to set aside default, Cleland and Wangler's requests for representation were submitted to the Office of the Illinois Attorney General, but the Assistant Attorney General (AAG) assigned to this case was not aware of the requests until after he saw Plaintiff's initial motion for entry of default on July 28, 2023.  The AAG was formally assigned to represent Defendants on July 31, 2023, and filed the instant motion 2 days after the Clerk's entry of default.

Defendants assert meritorious defenses to Plaintiff's claims: "Defendants intend to assert that Plaintiff's claims against them are barred by sovereign immunity to the extent they are sued in their official capacity; qualified immunity, as they were acting in the course of their employment, limited by the Prison Litigation Reform Act (PLRA), barred by Heck v. Humphrey, and barred because Plaintiff failed to exhaust his administrative remedies as required under the PLRA." (Doc. 56).

The Court finds that these defendants have established excusable neglect, prompt corrective action, and a meritorious defense to the Amended Complaint.  Therefore, and consistent with this Court's preference for adjudication on the merits, Defendants Cleland and Wangler's motion to set aside default (Doc. 56) is **GRANTED**; Plaintiff Brand's motion for default judgment (Doc. 54) is **DENIED**.  The Clerk's entry of default (Doc. 53) is **VACATED**.  Defendants Cleland and Wangler shall file responsive pleadings within 7 days of the date of this Order (**on or before August 14, 2023**).  That said, further discussion is warranted.

The Court notes a concerning pattern with respect to present and former IDOC employees failing to timely respond to *pro se* complaints. This results in the entry of default and subsequent motions to set aside those entries all to frequently. Typically, these defendants and their counsel assert that their failure to timely respond was inadvertent for various reasons including, defendants are retired and not aware of the process for requesting representation or, as here, some failure of communication or process within the Attorney General's Office. They then urge the Court to find that these failures amount to excusable neglect and assert that the plaintiffs will not be prejudice if the default is set aside.

Sometimes, actions that defendants deem to be inadvertent are, in reality, irresponsible/neglectful and not excusable. And, because *pro se* plaintiffs are entitled to prosecute litigation without unwarranted delay, they do in fact suffer prejudice as a result. Therefore, the Court cautions IDOC and counsel that future requests to set aside default on these or similar bases may be denied.

**IT IS SO ORDERED.**

**DATED: August 7, 2023**

**STACI M. YANDLE**
**United States District Judge**