## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CROSETTI BRAND, #M02369,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-01463-SMY** |
| | ) | |
| **DEREK CLELAND,** | ) | |
| **WILLIAM LAWLESS,** | ) | |
| **BOBBIE JOHNSON,** | ) | |
| **TIMOTHY CORN,[1]** | ) | |
| **ERIC WANGLER,** | ) | |
| **JOHN DOE 1, and** | ) | |
| **DAVID MITCHELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Crosetti Brand filed this action under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights at Pinckneyville Correctional Center. Seven claims survived screening pursuant to 28 U.S.C. § 1915A. (Doc. 29).

Defendants now move for summary judgment based on Brand's alleged failure to exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. 80). Brand filed no response in opposition to the motion. Because the undisputed evidence establishes that Brand failed to exhaust his remedies in compliance with the PLRA, summary judgment will be **GRANTED**.

---

[1] Defendant "Timothy Coin" (Doc. 21) identified himself as "Timothy Corn" in a Notice of Appearance (Doc. 39) and Answer (Doc. 48), so the Clerk's Office is **DIRECTED** to **UPATE** this defendant's name in CM/ECF.

<u>**BACKGROUND**</u>

Brand filed this action pursuant to 42 U.S.C. § 1983 against officials at Pinckneyville Correctional Center who allegedly used excessive force against him and denied him medical treatment for his injuries on April 12, 2022. (*See* Docs. 1, 10, 16, 21). Brand filed the original Complaint (Doc. 1) while he was incarcerated at Menard Correctional Center on July 11, 2022. Following § 1915A review, the Court allowed Brand to proceed with the following claims in the Amended Complaint (Doc. 21): an Eighth Amendment claim against John Doe for forcefully cuffing Brand in Cell 13 of A Wing in 5 House on April 12, 2022 (Count 1); an Eighth Amendment claim against Wangler for failing to intervene and stop the alleged use of excessive force against Brand by the unknown officer on April 12, 2022 (Count 2); an Eighth Amendment claim against Wangler for his alleged use of excessive force when cuffing Brand in 6 House from 7:00 - 8:30 a.m. on April 12, 2022 (Count 3); an Eighth Amendment claim against Wangler, Corn, Johnson, Lawless, and Cleland for using excessive force against Brand in the mental health unit on April 12, 2022 (Count 4); an Eighth Amendment claim against Wangler, Corn, Johnson, Lawless, and Cleland for denying Brand medical treatment for injuries they inflicted on April 12, 2022 (Count 5); an Eighth Amendment excessive force claim against Wangler and Cleland for chaining Brand to the shower door for several hours on April 12, 2022 (Count 6); and an assault and battery claim against Wangler, Corn, Johnson, Lawless, and Cleland for the events on April 12, 2022 (Count 7). (Doc. 29).

Defendants now move for summary judgment on the issue of exhaustion of administrative remedies, arguing the PLRA required Brand to exhaust his administrative remedies before filing this lawsuit, 42 U.S.C. § 1997e(a), and he failed to file grievances according to the procedures or

deadlines set forth in the Illinois Administrative Code, *see* 20 ILL. ADMIN. CODE § 504.800, *et seq*. (Doc. 80).

## FACTS

For purposes of the pending motion, the following material facts are undisputed (Doc. 81, Finding of Fact (FOF) 1-10): Plaintiff Crosetti Brand was an inmate in the custody of the Illinois Department of Corrections (IDOC) on the date he filed this action. (*See* FOF 1, citing Docs. 1, 21, 29). He was incarcerated at Pinckneyville Correctional Center during the events giving rise to his claims. *Id*. Brand alleges that on April 12, 2022, Officer Wangler failed to protect him from the unauthorized use of force by Officer John Doe, and Officers Wangler, Corn, Lawless, Johnson, and Cleland also used excessive force against him and denied him medical care for his serious injuries. (FOF 2-3, *see* Doc. 21). Brand transferred to Menard Correctional Center the same day. (FOF 4, citing Doc. 81, Ex. A).

At Menard, Brand wrote a grievance to report the issues that arose at Pinckneyville. (FOF 5, citing Doc. 81, Ex. B at 000078-000094). He sent the grievance directly to the IDOC's Administrative Review Board (ARB) on or around April 15, 2022. (FOF 6, citing Ex. B at 000078). The ARB received the grievance on April 26, 2022 (FOF 7, citing *id*.), and denied it as unsubstantiated on May 24, 2023 (FOF 8, citing *id*.). The ARB waited to finalize their review of the grievance until IDOC completed its investigation into the allegations. (FOF 9, citing Ex. B at 000082-000090). Brand filed no other grievances or appeals regarding the allegations against Defendants. (FOF 10, citing Doc. 81, Ex. B; Ex. C at 000042-000076; and Ex. D at 000192).

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the

pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party, *i.e.*, the prisoner. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).

The district court's role on summary judgment is generally not to weigh evidence or judge witness credibility. However, a different standard applies when deciding a motion for summary judgment on the issue of exhaustion. *Pavey v. Conley*, 544 F.3d 739, 739-41 (7th Cir. 2008). The Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *See Pavey*, 544 F.3d at 742. After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Pavey*, 544 F.3d at 742). However, no hearing is required if no material facts are disputed. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only legal questions"). The pending motion can be resolved without a *Pavey* hearing because the material facts are undisputed.

Under the PLRA, a prisoner may not bring a lawsuit concerning prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the

administrative process has failed to exhaust state remedies." *Id.* at 1024. Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

The Illinois Administrative Code sets forth the grievance process that applies to an inmate in the custody of the Illinois Department of Corrections. 20 ILL. ADMIN. CODE § 504.800, *et seq.* (2017). The regulations generally require an inmate to file his grievance with his counselor within sixty days of the incident, occurrence, or problem giving rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through the counselor, the grievance must be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the Chief Administrative Officer (CAO). 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.* If the inmate is not satisfied with the CAO's response, he files an appeal with the IDOC Director through the ARB. 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within thirty days of the date of the CAO's decision. *Id.* The inmate must attach copies of responses from the grievance officer and CAO to his appeal. *Id.* The ARB then considers the matter and submits a written report of its findings and recommendations to the Director, who makes a final determination within six months after receipt of the matter, when reasonably feasible. 20 ILL. ADMIN. CODE § 504.850(d), (e).

If he faces an emergency, an inmate can use an alternative procedure to file an emergency grievance. 20 ILL. ADMIN. CODE § 504.840. He may submit an emergency grievance directly to the CAO. *Id.* If deemed an emergency due to a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is expedited for processing. *Id.* If the CAO determines that a grievance should not be handled on an emergency basis, the grievance is denied as a non-emergency, and the offender is notified, in writing, that he may resubmit the grievance in accordance with the standard grievance procedure. 20 ILL. ADMIN. CODE § 504.840(c).

Under certain circumstances, applicable in this case, an inmate may submit his grievance directly to the ARB. This alternative exhaustion route is allowed when the inmate faces any one of the following circumstances: (1) decisions regarding protective custody placement, including continued placement in or release from protective custody; (2) decisions regarding the involuntary administration of psychotropic medication; (3) decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned; and (4) other issues that pertain to a facility where the offender is not currently assigned, excluding personal property and medical issues. 20 ILL. ADMIN. CODE § 504.870. The ARB still processes the grievance according to the procedure set forth in 20 ILL. ADMIN. CODE § 504.850. This requires the ARB to consider the matter and submit a written report of its findings and recommendations to the Director, who then reviews the same and makes a final determination within six months of receipt whenever reasonably feasible under the circumstances. 20 ILL. ADMIN. CODE § 504.870(d).

Brand was required to exhaust all available administrative remedies in compliance with the Prison Litigation Reform Act (PLRA) because he was a prisoner when he filed this civil suit about the conditions of his confinement. 42 U.S.C. § 1997e(a). To comply with the PLRA, Brand had to file complaints and appeals in the place and at the time dictated by the prison's administrative rules. *Pozo*, 286 F.3d at 1025. He was required to exhaust his available remedies properly and completely before filing suit. *Ford*, 362 F.3d at 398; *Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020) (citing *Ford*, 362 F.3d at 398-400).

Here, Brand filed a grievance to address his complaints against officials at Pinckneyville on April 15, 2022. He prepared the grievance after transferring to Menard, and he complained about the use of excessive force against him in Counts 1, 2, 3, 4, 6, and 7. Because he was no longer housed at the facility where the underlying events occurred, Brand sent his grievance

directly to the ARB.  This was consistent with the administrative code provision authorizing an inmate to file a grievance directly with the ARB for complaints that pertain to a different facility, so long as they do not address sexual assault or medical claims.[2]  *See* 20 ILL. ADMIN. CODE § 504.870.  The ARB received the grievance on April 26, 2022.  The ARB then considered the matter and submitted a written report of its findings and recommendations to the Director, who made a final determination.  20 ILL. ADMIN. CODE §§ 504.850, 504.870(d).  The final decision was issued on May 24, 2023.

Brand's grievance from April 15, 2022 was still in the early stages of review when Brand filed this lawsuit on July 11, 2022.  He did not wait for a response before turning to the Court for relief.  This violates the PLRA requirement that a prisoner exhaust all available remedies before bringing suit.  42 U.S.C. § 1997e.  As such, Defendants are entitled to summary judgment. Counts 1 through 7 will be dismissed based on Brand's failure to exhaust administrative remedies.

Additionally, Count 1 against John Doe is dismissed due to Brand's failure to prosecute his claim against this defendant. Brand was given instructions and a deadline for identifying John Doe by first and last name, and he was warned that failure to do so by the deadline would result in the defendant's dismissal. (Doc. 62, p. 3). Brand missed the deadline on October 16, 2023, and he did not seek an extension of time to name him.

## CONCLUSION

The Clerk's Office is **DIRECTED** to **UPDATE** the spelling of Defendant "Timothy Coin" to "Timothy Corn" on the docket sheet in CM/ECF.

The Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 80) filed by Defendants Derek Cleland, Timothy Corn, Bobbie Johnson, William

---

[2] Count 5 is the only claim for the denial of medical care, and Brand was bound by the exhaustion requirements set forth in § 504.810 - .850.  It is undisputed that he did not attempt to follows these steps.

Lawless, David Mitchell, Eric Wangler is **GRANTED**.  **COUNTS 1** through **7** are **DISMISSED** without prejudice based on Plaintiff Crosetti Brand's failure to exhaust administrative remedies before bringing suit.  **COUNT 1** against Defendant John Doe is alternatively **DISMISSED** without prejudice based on Brand's failure to prosecute his claim against this defendant, *see* Doc. 62.  As no claims remain pending, the entire action is **DISMISSED** without prejudice.

If Brand wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues he plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Brand does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2).  Moreover, if the appeal is found to be nonmeritorious, he may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  February 14, 2025**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**